UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brett W. Huber, Sr. and Renae Berkland Huber, as Co-Trustees for the next-of-kin of Brett Warner Huber, Jr., | Case No. 0:18-cv-02317 |
| Plaintiffs, | |
| vs. | |
| Cristina Ann Marie Sobiech, et al., | |
| Defendants. | |

## DEFENDANTS' ANSWER TO COMPLAINT

COME NOW Defendants Cristina Ann Marie Sobiech, James Olson, Scott Wright, and Todd County for their Answer to Plaintiffs' Complaint, state and allege as follows:

1. Unless hereafter admitted, qualified or otherwise answered, these answering parties deny each and every thing, matter and particular alleged in Plaintiffs' Complaint.

2. These answering parties specifically deny Plaintiffs have stated a cognizable claim for relief under 42 U.S.C. §§ 1983 or 1988, and, further, deny Brett Warner Huber, Jr. ("Huber") sustained any deprivation of rights under the

Eighth or Fourteenth Amendments or any other state or federal statutory or constitutional injuries as alleged in Plaintiffs' Complaint.

3. These answering parties affirmatively allege at all times material hereto, they were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional, proper and pursuant to probable cause.

4. These answering parties admit they were at all times material hereto, acting in their official capacities as Todd County employees.

5. These answering parties affirmatively allege Plaintiffs' actions asserted against them are official capacity actions only.

6. These answering parties affirmatively allege Plaintiffs' Complaint fails to state a cause of action for claims upon which relief can be granted.

7. These answering parties affirmatively allege Plaintiffs' claims are barred by the legal doctrines of qualified, statutory and official immunity.

8. These answering parties specifically deny they were deliberately indifferent to Huber and deny violating his Eighth or Fourteenth Amendment Rights or any other federal civil rights.

9. With respect to paragraphs 1 to 2, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

10. With respect to paragraphs 3 to 5, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

11. With respect to paragraphs 6 to 8, these answering parties admit these allegations.

12. With respect to paragraph 9, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

13. With respect to paragraph 10, these answering parties admit these allegations.

14. With respect to paragraphs 11 to 17, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

15. With respect to paragraphs 18 to 47, these answering parties admit these allegations.

16. With respect to paragraph 48, these answering parties admit the box "No" was checked in the "Referral" section but deny knowledge at the time of any earlier "bizarre irrational behavior" and hospitalization immediately preceding his arrest.

17. With respect to paragraph 49, these answering parties admit these allegations.

18. With respect to paragraphs 50 to 51, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

19. With respect to paragraphs 52 to 56, these answering parties admit these allegations.

20. With respect to paragraphs 57 and 58, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

21. With respect to paragraphs 59 to 73, these answering parties admit these allegations.

22. With respect to paragraphs 74 to 76, these answering parties believe Huber was seen by a medical or mental-health professional but are without sufficient information to specifically admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

23. With respect to paragraph 77, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

24. With respect to paragraphs 78 to 102, these answering parties admit these allegations.

25. With respect to paragraphs 103 to 114, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

26. With respect to paragraphs 115 to 117, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

27. With respect to paragraphs 118 to 122, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

28. With respect to paragraph 123, these answering parties admit these allegations.

29. With respect to paragraph 124, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

30. With respect to paragraphs 125 to 126, these answering parties admit these allegations.

31. With respect to paragraph 127, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

32. With respect to paragraphs 128 to 138, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiffs against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

33. With respect to paragraph 139, these answering parties admit these allegations.

34. With respect to paragraphs 140 to 141, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

35. With respect to paragraphs 142 to 144, these answering parties admit these allegations.

36. With respect to paragraph 145, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

37. With respect to paragraphs 146 to 149, these answering parties admit these allegations.

38. With respect to paragraph 150, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

39. With respect to paragraphs 151 to 156, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

40. With respect to paragraphs 157 to 161, these answering parties admit these allegations.

41. With respect to paragraph 162, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

42. With respect to paragraphs 163 to 173, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

43. With respect to paragraphs 174 to 175, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

44. With respect to paragraphs 176 to 181, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiffs against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

45. With respect to paragraph 182, these answering parties admit these allegations.

46. With respect to paragraphs 183 to 188, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiffs to their strict burden of proof.

47. With respect to paragraphs 189 to 190, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

48. With respect to paragraphs 191 to 192, these answering parties admit these allegations.

49. With respect to paragraph 193, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

50. With respect to paragraph 194, these answering parties admit Huber was housed in a cell by himself in Ad Seg.

51. With respect to paragraphs 195 to 206, these answering parties admit these allegations.

52. With respect to paragraph 207, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

53. With respect to paragraphs 208 to 217, these answering parties admit these allegations.

54. With respect to paragraph 218, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

55. With respect to paragraph 219, these answering parties admit these allegations.

56. With respect to paragraphs 220 to 242, these answering parties admit to the accuracy of the contents of the surveillance videos and submit the videos speak for themselves.

57. With respect to paragraphs 243 to 246, these answering parties specifically deny fabricating any cell checks and submit the jail logs accurately depict the start times of cell checks rather than the precise time a check of a particular inmate was in fact conducted.

58. With respect to paragraphs 247 to 248, these answering parties admit to the accuracy of the contents of the surveillance videos and submit the videos speak for themselves.

59. With respect to paragraph 249, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

60. With respect to paragraphs 250 to 261, these answering parties admit to the accuracy of the contents of the surveillance videos and submit the videos speak for themselves.

61. With respect to paragraphs 262 to 272, these answering parties submit that while the medical records speak for themselves, they are without sufficient information to admit or deny and, therefore put Plaintiffs to their strict burden of proof.

62. With respect to paragraphs 273 to 296, these answering parties submit they are without sufficient information to admit or deny the claims or accuracy of the Department of Corrections' reports or findings and therefore put Plaintiffs to their strict burden of proof.

63. With respect to paragraphs 297 to 319, these answering parties specifically deny these allegations and put Plaintiffs to their strict burden of proof.

64. These answering parties deny the allegations in Count One of the Complaint and specifically deny violating Huber's Eighth and Fourteenth Amendment rights, specifically deny Huber exhibited serious or life-threatening medical needs or a serious risk of suicide, specifically deny acting with deliberate indifference, and submit the allegations regarding Huber's medical needs are unrelated to these answering parties.

65. These answering parties deny the allegations in Count Two of the Complaint and specifically deny failing to properly supervise, instruct or train staff, specifically deny acting with callous or reckless indifference to inmates,

specifically deny failing to staff conducted and logged proper well-being checks, specifically deny failing to ensure cameras were properly monitored, specifically deny Huber exhibited serious or life-threatening medical needs or a serious risk of suicide, and specifically deny acting with deliberate indifference.

66.     These answering parties deny the allegations in Count Three of the Complaint and specifically deny violating Huber's Eighth and Fourteenth Amendment rights, specifically deny Huber exhibited serious or life-threatening medical needs or a serious risk of suicide, specifically deny acting with deliberate indifference, and submit the allegations regarding Huber's medical needs are unrelated to these answering parties.

67.     These answering parties deny the allegations in Count Four of the Complaint and specifically deny violating Huber's Eighth and Fourteenth Amendment rights, specifically deny Huber exhibited serious or life-threatening medical needs or a serious risk of suicide, specifically deny acting with deliberate indifference, and submit the allegations regarding Huber's medical needs are unrelated to these answering parties.

68.     These answering parties deny the allegations in Count Five of the Complaint and specifically deny failing to complete well-being checks, falsely logging well-being checks, or ignoring surveillance video, specifically deny violating Huber's Eighth and Fourteenth Amendment rights, specifically deny

Huber exhibited serious or life-threatening medical needs or a serious risk of suicide, specifically deny acting with deliberate indifference, and submit the allegations regarding Huber's medical needs are unrelated to these answering parties.

69. These answering parties deny the allegations in Count Six of the Complaint and specifically deny deliberate indifference to the rights of inmates through any custom, pattern or practice.

70. These answering parties deny the allegations in Count Seven of the Complaint and specifically deny any deliberate indifference towards inmates and specifically deny any failure to train Todd County Jail staff.

71. These answering parties are without sufficient knowledge to form a belief as to the truth of Plaintiffs' alleged damages and, therefore, deny the same and demand strict proof thereof.

72. These answering parties deny punitive damages are actionable or available for this incident.

73. These answering parties admit generally federal questions should be resolved in federal court; however, the incident involving Huber did not rise to the level of a constitutional deprivation and, therefore, these answering parties deny jurisdiction of this Court.

74. These answering parties join in Plaintiffs' request for a jury trial.

**WHEREFORE,** these answering parties pray Plaintiffs take nothing by this claim for relief herein; that these answering parties be given judgment against Plaintiffs, dismissing Plaintiffs' cause of action with prejudice; that these answering parties be given judgment for costs, disbursements and attorney's fees herein pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

IVERSON REUVERS CONDON

Dated: September 25, 2018

By s/Jason M. Hiveley
Jason M. Hiveley, #311546
9321 Ensign Avenue South
Bloomington, MN 55438
jasonh@irc-law.com
(952) 548-7200

*Attorneys for Defendants Sobiech, Olson, Wright, and Todd County*