## RETAINER AGREEMENT

We, Brett W. Huber, Sr. and Renae Berkland Huber, as court-appointed Co-Trustees for the next-of-kin of Brett Warner Huber, Jr., Decedent, retain and employ Andrew J Noel and Gaskins, Bennett & Birrell, L.L.P., 333 South Seventh Street, Suite 3000, Minneapolis, Minnesota 55402 to represent us as Co-Trustees for the next-of-kin of Brett Warner Huber, Jr. in the handling, presentation, and settlement of any and all claims—including violations of the Federal Civil Rights Act—which may exist as the result of the death of Brett Warner Huber, Jr. on June 11, 2017 as a result of a suicide in the Todd County Jail (Minnesota), and to institute any and all litigation necessary in connection therewith, and to supervise and generally handle the same, and do hereby agree to pay a legal fee in the amount of forty-five percent (45%) of the gross recovery, if any, in a single cash payment, whether as a result of settlement or trial or the amount obtained pursuant to 42 U.S.C. § 1988 after the trial or settlement, whichever is greater. "Gross recovery" includes any award of or agreement on compensatory damages, plus any award or agreement on punitive damages, plus any award of or agreement on costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

The paramount goal in this matter is to attempt to vindicate Brett Warner Huber, Jr.'s civil rights. To do this, we understand that Gaskins, Bennett & Birrell, L.L.P. may have to expend legal time, effort, and costs that may well exceed the amount of any compensatory or punitive damage award that may be awarded if this matter proceeds through trial. We understand that in the context of a federal civil rights lawsuit brought under 42 U.S.C. § 1983, our attorneys, under 42 U.S.C. § 1988, are entitled to an award of costs, including



EXHIBIT 2

reasonable attorneys' fees if we prevail at trial, and that these are often separately negotiated as part of any settlement process. We specifically consent to this activity.

In the event a structured settlement is entered into providing for deferred periodic payments as to the claims, the structured settlement may also provide for periodic payment of fees to the attorneys over such period of time as periodic payments are made to us, or at the option of the attorneys, the payments may be paid over a period of three years or less or in a single lump sum. The fees of the attorneys shall be based upon the actual cost of such negotiated structured settlement or the net present value of a settlement, to the extent that the actual cost or net present value is ascertainable.

We understand that our attorneys will investigate the claims, and if at any time thereafter, they do not appear to have merit, then our attorneys shall have the right to terminate this agreement. It is further understood and agreed that we shall pay, upon and out of any recovery hereunder and court approval, all out-of-pocket costs involved in the prosecution of this claim, such as court costs, costs of litigation, expert witnesses, depositions and the like, and that such costs will be in addition to the legal fees set forth above. This also includes costs, such as expert costs, which may not be available in the context of a recovery under 42 U.S.C. § 1988.

All medical expenses, charges or liens of any kind relating to this claim are not litigation costs and will be paid by the next-of-kin or Brett Warner Huber, Jr.'s insurers. In the event of a recovery, we agree that our attorneys may pay any of these from our share of the recovery to the extent they are outstanding. Our attorneys will endeavor to negotiate

reductions of these items as practical. Should we recover nothing, it is understood that our attorneys are not bound to pay any of these expenses, charges or liens.

If no recovery is obtained, no fees or costs shall be payable to our attorneys. Our attorneys, at their discretion, may withdraw at any time from the case if investigation discloses no insurance coverage or no assets or no liability of any of the defendants. Associate counsel may be employed at the discretion and expense of our attorneys.

We hereby authorize our attorneys to turn over all information including doctors' reports, etc., and any and all photographs to the insurance companies of any of the defendants.

No promise or representation has been made by our attorneys as to the outcome of the claim or litigation, or as to what amounts, if any, the next-of-kin may be entitled to recover in this case.

No settlement in this claim shall be made without our prior consent.

This Retainer Agreement shall be binding and will supersede any prior retainer agreement. Finally, this Retainer Agreement shall be binding on the next-of-kin of Brett Warner Huber, Jr. as a result of our appointment as Co-Trustees.

This Retainer Agreement is valid signed in counterparts.

Dated: 5/7/18

_____
Brett W. Huber, Sr.
Co-Trustee

Dated: _____

_____
Renae Berkland Huber
Co-Trustee

3

reductions of these items as practical. Should we recover nothing, it is understood that our attorneys are not bound to pay any of these expenses, charges or liens.

If no recovery is obtained, no fees or costs shall be payable to our attorneys. Our attorneys, at their discretion, may withdraw at any time from the case if investigation discloses no insurance coverage or no assets or no liability of any of the defendants. Associate counsel may be employed at the discretion and expense of our attorneys.

We hereby authorize our attorneys to turn over all information including doctors' reports, etc., and any and all photographs to the insurance companies of any of the defendants.

No promise or representation has been made by our attorneys as to the outcome of the claim or litigation, or as to what amounts, if any, the next-of-kin may be entitled to recover in this case.

No settlement in this claim shall be made without our prior consent.

This Retainer Agreement shall be binding and will supersede any prior retainer agreement. Finally, this Retainer Agreement shall be binding on the next-of-kin of Brett Warner Huber, Jr. as a result of our appointment as Co-Trustees.

This Retainer Agreement is valid signed in counterparts.

Dated: _____          _____
                                        Brett W. Huber, Sr.
                                        Co-Trustee

Dated: _May 5, 2018_                    _/s/ Renae Berkland Huber_
                                        Renae Berkland Huber
                                        Co-Trustee

3